**UNITED STATES**

v.

**Thomas M. GALANTE, Private (E–1), U.S. Marine Corps.**

**NMCM 99 00170.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 23 July 1998.

Decided 9 March 2000.

LT Frank M. Doherty, JAGC, USNR, Appellate Defense Counsel.

LT Kevin S. Rosenberg, JAGC, USNR, Appellate Government Counsel.

Before DeCICCO, Chief Judge, TROIDL and ANDERSON, Appellate Military Judges.

On Reconsideration

DeCICCO, Chief Judge:

On 19 January 2000, we set aside the action of the convening authority in the appellant's case and ordered a new staff judge advocate's recommendation [SJAR] and convening authority's action. The basis for our decision was the absence from the record of the staff judge advocate's recommendation, proof of service of the recommendation, and information concerning the clemency petition. The Government had informed us that "[w]hile the Government has located the results of trial and moved to attach it to the record, the Government, despite its best efforts, has been unable to locate the SJAR and proof of its service, and appellant's clemency request." Government Brief of 15 December 1999 at 6, n.5.

On 27 January 2000, the Government filed a motion requesting that we reconsider our decision. The basis for the motion was that the Government had received a copy of the staff judge advocate's recommendation, proof of service of the recommendation, and information concerning the clemency request. The Government also moved to attach those documents. The appellant has not filed an opposition to the Government's motions. In light of these developments, the motions to reconsider and to attach documents are hereby granted. Our decision of 19 January 2000 is set aside, and the following will constitute the decision of the court in this case.

A special court-martial composed of a military judge alone convicted Private Galante, in accordance with his guilty pleas, of failing to go to his appointed place of duty, making a false official statement, and wrongfully wearing the insignia of a lance corporal in violation of Articles 86, 107, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, and 934 (1994). Contrary to his pleas, the military judge convicted him of two specifications of forgery for making and uttering a forged document in violation of Article 123, UCMJ, 10 U.S.C. § 923 (1994). The adjudged sentence included confinement for 90 days and a bad-conduct discharge. The convening authority approved the sentence and

suspended confinement in excess of 30 days in accordance with the pretrial agreement.

In a single assignment of error, the appellant argues that his conviction of a specification of making a forged document and another for uttering the same forged document constitutes an unreasonable multiplication of charges. He did not make such an objection at trial.

The appellant was charged with falsely making a promotion warrant "in or about April 1998." He was separately charged with uttering the same warrant "on or about 22 April 1998." The testimony disclosed that on 17 April 1998, Staff Sergeant Coughlin and Sergeant Jones, the appellant's platoon commander and platoon sergeant, noticed the appellant wearing the insignia of a lance corporal (E–3). Sergeant Jones testified he was curious about this because the last time he had seen the appellant, the appellant had been a private (E–1). They asked the appellant about his change in rank, and the appellant told them the general had promoted him after the appellant had acted as the general's driver. Coughlin and Jones asked the appellant for the promotion warrant so they could place it in the unit diary for pay purposes. About four or five days later, the appellant delivered a forged warrant, dated 12 April 1998, to Sergeant Jones. Jones knew it was not authentic for several reasons and asked the appellant about it. The appellant admit-

ted to him that the document was a fake and that he (the appellant) had altered it. The only indication in the record of the actual date of the making of the warrant was the appellant's statement that he made it toward the end of the 17–22 April 1998 period. Record at 33.

The Discussion following RULE FOR COURTS-MARTIAL 307(c)(4) provides: "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." After careful consideration, we have concluded that the forgery specifications were not unreasonably multiplied in this case. They were aimed at distinctly separate criminal acts, and were not part of a single transaction. The making of the forged document and the subsequent uttering of it were sufficiently separate in time so as not to be one transaction.

Accordingly, we find no merit in the assigned error. The findings and sentence, as approved on review below, are affirmed.